**Opinion filed August 23, 2018**



In The

# Elebenth Court of Appeals

_____

## No. 11-18-00033-CR
_____

## EX PARTE MELVIN SHAWN PAYNE

**On Appeal from the 39th District Court**
**Throckmorton County, Texas**
**Trial Court Cause No. 1230**

## M E M O R A N D U M   O P I N I O N

Appellant, Melvin Shawn Payne, has filed an appeal related to the revocation of his appeal bond and the denial of a subsequent request for reasonable bail pending appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(c), (g) (West 2018); *see also* TEX. R. APP. P. 31. We affirm.

In the underlying case, Appellant was adjudicated guilty of the felony offense of theft of cattle and was sentenced to confinement for eight years. The appellate record from the appeal of that conviction, *Payne v. State*, No. 11-17-00344-CR, reflects that the trial court initially set an appeal bond with specific conditions for

Appellant to follow.[1] Appellant made bond, but while he was out on bond, the State filed a motion to rescind the bond based upon an alleged violation of a condition set by the trial court. The trial court held a hearing and rescinded the appeal bond. After his bond was revoked, Appellant filed a motion for reasonable bail pending appeal. The trial court denied that motion.

In his sole issue on appeal, Appellant contends that the trial court abused its discretion when it revoked Appellant's bond based upon a determination that he had violated a condition of his bond. One of the specific conditions of Appellant's bond was that he "shall have no contact by any means with AMY PAYNE." The trial court imposed that particular condition based upon a finding that Appellant had committed assault family violence against Amy Payne.

Pursuant to Article 44.04(c) of the Code of Criminal Procedure, a trial court "may impose reasonable conditions on bail pending the finality of his conviction." If, while free on an appeal bond, an appellant violates a condition of his bond, the trial court may revoke that bond upon "a finding by the court on a preponderance of the evidence of a violation of a condition." CRIM. PROC. art. 44.04(c).

Amy Payne was the only witness who testified at the hearing on the State's motion to rescind. She testified that Appellant had contacted her via phone, via her daughter's phone, and via Facebook Messenger about fifty times during the period that the appeal bond was in effect. The record supports the trial court's finding that Appellant violated a condition of his bond; thus, the trial court did not abuse its discretion when it revoked Appellant's bond. *See Pinson v. State*, No. 02-16-00385-CR, 2016 WL 7448348, at *1–2 (Tex. App.—Fort Worth Dec. 28, 2016, no pet.) (mem. op., not designated for publication); *In re Scott*, No. 01-00-00964-CR, 2000

---

[1]To address the matter before us in this appeal, we take judicial notice of the reporter's record and the clerk's record that were filed in Cause No. 11-17-00344-CR.

WL 1752892, at *1 (Tex. App.—Houston [1st Dist.] Nov. 30, 2000, no pet.) (not designated for publication). Appellant's sole issue on appeal is overruled.

We affirm the orders of the trial court.

PER CURIAM

August 23, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.